[No. 3447.   Sept. 20, 1929.]

In re EATON.

[281 Pac. 24.]

J. J. Kenney, of Santa Fe, for relator.

C. J. Roberts, of Santa Fe, for respondent.

## OPINION OF THE COURT

PER CURIAM.   We have here for review a report and findings of the Board of Commissioners of the State Bar referred to it under our rule 24, in the matter of William J. Eaton, charged with professional misconduct.

The charges involved violation of the duties of an attorney at law as prescribed in Code 1915, § 353, subsections 1, 3, 4, and 5.   After specific findings the board, by its conclusions, absolved the respondent of intentional violation of the duties prescribed in subsections 1 and 3, but, as we construe the findings and conclusions, found him guilty of violating the duties prescribed in subsections 4 and 5.   Upon the coming in of the report, respondent filed exceptions to certain of the findings and here argues the single question whether they are supported by the evidence.

In 1919 respondent was special attorney for the State Tax Commission for three counties, including Socorro. In that capacity he filed hundreds of suits for taxes delinquent for the years from 1904 to 1918. Among them was one against the owners of a large land grant involving upwards of $75,000. This was his most important of such cases, not only to the state because of the large recovery sought, but to himself because of the large fee to be earned. The original data was collected and the original complaint drafted by respondent's office help upon a printed form furnished by the Tax Commission. After filing this complaint, respondent discovered that the assessments sued upon would not support a judgment because insufficient both as to the names of the owners and as to the description of the property. One Miera thereupon, by interlineation in the rolls in the hands of the county treasurer, changed the original assessments to cure the defects. Thereupon respondent verified and filed an amended complaint, setting up said assessments as changed and alleging that the property had been duly and lawfully so assessed for each of the years in question. Upon this amended complaint a compromise judgment was entered providing for the payment of the stipulated amount in installments, and for vacation of the judgment if the owners should make default in the payments. After making some payments, the owners defaulted, the judgment was vacated, and respondent commenced a new suit upon the same assessments. That suit was dismissed by counsel who superseded respondent as attorney for the Tax Commission. The latter, in ignorance of the changes in the rolls, brought a new suit upon the assessments, numbered "132 Tax." Respondent then accepted employment by one of the owners of the grant and filed for him an answer in suit No. 132, in which he set up as a defense the original assessments as made, and alleged that:

"When it was discovered by persons seeking to collect the taxes that these assessments were illegal (because of the defects above mentioned) an effort was made to make them conform to the requirements of law, and they were falsified and changed by persons unauthorized so they read as set out in the amended complaint. That said changes were illegal and void because they were not made by the assessor nor by anyone having legal authority to make them and said land cannot be charged with taxes upon assessments falsely and illegally made, or on false returns."

Upon the trial of this suit No. 132, respondent, to maintain this defense, became a witness and testified:

"I was in the county clerk's office at the time these records were changed, and they were not changed by either the assessor or the treasurer, nor by anyone who was authorized to change them. I mean, I was in there at the time the changing was being done."

On cross-examination he admitted that if the changes were made during his term as attorney for the State Tax Commission (a fact which he must have known), they were made by his direction.

Upon the foregoing facts the prosecution relies. They are all admitted. Upon these facts, and disregarding for the moment the defense, it would follow that respondent unlawfully tampered with public records; by his amended complaint maintained an action illegal and unjust; employed in maintaining his cause means not consistent with truth, and sought to mislead the judge by his verified false statement of fact; and that, after all this, being relieved of his then employment, he accepted employment from the opposite party and, for the benefit of his new client, and regardless of the confidence reposed in him by his former client, alleged his own wrongdoing as that of unknown persons, and maintained it by his sworn testimony.

Respondent claims now that the changes in the tax rolls were not made in his presence, but that Miera misunderstood his direction, which was in fact not to change the existing assessments, but to make reassessments; that in the great pressure of his office he failed to note that in the amended complaint which he himself verified, it was falsely alleged that the assessments as there set forth had been duly and lawfully made in the years in question; that when his services were sought by an opposite party, he had entirely forgotten his former connection with the suit as attorney for the Tax Commission; that when he discovered the alterations which had been made in the tax rolls, set them up in the answer, and testified to them as a witness, he had forgotten that he himself had been responsible for the alterations and had only a vague recollection, which on further reflection he finds to be incorrect, that they were made in his presence. In view of the record

and of respondent's original testimony, the board was not called upon to believe respondent's present testimony, and we are moved to say that we cannot credit it.

The board has performed an unpleasant duty in a manner which merits our approval and thanks, and of which respondent has no just ground of complaint. We understand and appreciate its desire to palliate so far as possible the faults of a fellow member of the profession; to accept his explanations in so far as they are credible, and to deal leniently with him. In this kindly and sympathetic spirit it has concluded that though he was responsible for and had full knowledge of the alteration of these public records, he was ignorant of the illegality of his act, and that he did not know or realize the illegality or injustice of relying upon these unlawfully changed assessments in his amended complaint. Leniency could go no further. But the board has found that respondent was guilty of misconduct in withholding the facts from the court and in pleading his own wrongdoing for the benefit of his new client when he did become aware of the illegality of his former acts. Of this misconduct there can be no doubt. It discloses a disregard of the ethics of the profession and the duties of an attorney; a disposition to pervert rather than to promote law and justice; an unfitness to represent clients or advise the courts. Justice to the public, to the profession, and to the court requires that he be deprived of opportunity to offend further.

Respondent's exceptions must therefore be overruled. He must be disbarred, and his name must be stricken from the roll of attorneys of this court. It is so ordered.

BICKLEY, C. J., and WATSON, PARKER, CATRON, and SIMMS, JJ., concur.